Robert Tauler (SBN 241964)
Tauler Smith LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (310)746-5601
rtauler@taulersmith.com

Attorneys for Plaintiff
NUTRITION DISTRIBUTION LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>LECHEEK NUTRITION, INC., an Arkansas Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF SECTION 42 (a)(1)(B) OF THE THE LANHAM ACT**<br><br>**[DEMAND FOR A JURY TRIAL]** |

**COMPLAINT**

Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against Lecheek Nutrition ("Lecheek" or "Defendant"), and in support thereof, avers as follows:

## INTRODUCTION

1. This is a civil action arising from Defendants' false advertising and blatant misrepresentations regarding its Ampilean fat burner nutritional supplement which is marketed as containing a natural extract from the aroma of Pouchong tea as its active ingredient, when, in fact, it contains synthetic stimulants virtually identical in structure to stimulants previously banned by the FDA.

2. Defendants' false, misleading, illegal and deceptive practices have violated the Lanham Act and have unjustly enriched Defendants at the expense of ND, and has caused ND extensive and irreparable harm, including, but not limited to, loss of revenue, disparagement, and loss of goodwill.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

4. This Court has personal jurisdiction over Defendant because defendant has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised its nutritional supplement products in the United States, the State of California, and this district, including the product "AMPilean." Defendants have purposefully and voluntarily placed AMPilean into the stream of commerce with the expectation that it will be purchased in this district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim

occurred in this district.  *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009). Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

6. Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff") an Arizona limited liability company with its principal place of business at 14215 N. 8th Pl., Phoenix, Arizona, 85022.

7. Defendant Lecheek Nutrition ("Defendant") is an Arkansas Corporation which lists 3025 Tori Dr., Harrison, AR 72601 as its business address.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 10, inclusive, and therefore sued these defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

9. The nutritional supplement industry is one of the fastest growing and most lucrative in the United States.  A recent Forbes article estimates that nutritional supplement sales accounted for $32 billion in revenue in 2012 and predicts this number to grow to $60 billion within ten years.  The growth and size of the nutritional supplement market and the relatively low barriers to entry provide perverse incentives for unfair competition prohibited by the Lanham Act.

### Plaintiff Nutrition Distribution & Slim FX

10. Plaintiff is a cutting edge sports supplement manufacturer and marketer. From its inception, Plaintiff was a leader in the nutritional supplement market, specifically for body building.

11. Plaintiff has products targeting several sub-categories of body building supplement market, including pre-workouts (taken before a workout for energy), mass gainers, and fat-burners.

12. Around 2011, Plaintiff began developing a new product in the fat-burner category of the body building supplement world. At the time, the most popular fat burners on the market contained DMAA, which began to come under severe scrutiny from federal regulators. Anticipating the demise of DMAA-based products by way of federal law enforcement, Plaintiff researched and developed a fat burner that was DMAA free. Plaintiff's strategy was to fill the market void left by the eventual absence of soon-to-be illegal DMAA.

13. After devoting its resources for over a year on product development and testing, Plaintiff introduced "Slim FX" in October of 2011. DMAA stayed on the market until 2012, when the FDA sent warning letters to eleven manufacturers questioning DMAA's safety and challenging their claims that the ingredient even qualifies as a dietary supplement. With the FDA closing in, manufacturers pulled their products off the shelves, creating the opportunity Plaintiff anticipated for Slim FX to gain substantial market share.

14. However, around the same time DMAA was being taken off the shelves, Defendant released their competing product, "AMPilean." AMPilean was far more potent than anything on the market and quickly filled the market void from the absence of DMAA.

### Defendants & AMPilean

15. Defendant is a competing nutritional supplement company incorporated by Dustin and Katie LeBleu. Lecheek nutrition touts itself on its website as a company that provides "hardcore products" that get "hardcore results," and further explains "Lecheek Nutrition has really become one of the premier brands in the industry for Hardcore Products." The term "hardcore" is not defined on Defendant's website.

16. Defendant launched AMPilean in November 2013. AMPilean was advertised as the "strongest fat burner in the last ten years." Defendant cited something called "AMP Citrate" as the "key ingredient" in AMPilean. Defendant falsely claimed that AMP Citrate is "extracted from the aroma of Poucheng tea," when in reality it is a synthetic ingredient with a virtually identical structure to the now-banned DMAA.

### Illegal Ingredients in Ampilean Exposed

17. Around September 21, 2014, an independent study was published by Harvard researcher Peter Cohen (the "Harvard Study") confirming that so-called AMP Citrate is not derived from the aroma of Poucheng tea at all, but, indeed a synthetic compound created in a laboratory that is virtually identical to the banned DMAA. The Harvard Study dubs the new compound "DMBA," due to the chemical similarities with DMAA.

18. The Harvard Study concluded that AMPilean contained 120 milligrams of DMBA, more than any other product studied, and much more than could conceivably be derived from "aroma."

19. Defendant has falsely labeled and marketed AMPilean since its inception in a multitude of ways. Defendant falsely markets AMPilean as having the "key ingredient" AMP Citrate that is derived from tea aroma, when in fact AMP Citrate is a synthetic analog of the illegal substance DMAA that has never even been tested on humans. Defendant's lie made them millions while Plaintiff's unadulterated product struggled to gain market share.

### CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

20. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

4
**COMPLAINT**

21. Defendants have purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of its AMPilean, including that its "key ingredient" is derived naturally from a tea aroma, instead of truthfully stating that it is a synthetic compound untested on humans.

22. The use of such unlabeled and falsely labeled substances has the tendency to deceive a substantial segment of the public into believing that they are purchasing a product with different characteristics.

23. The deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer is concerns about the health implications of taking synthetic compounds in large doses that have not been tested on humans.

24. Defendants have introduced its false statements into interstate commerce via marketing and advertising on various websites and shipment of its product into interstate commerce containing false advertising.

25. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendants and the loss of good will in Plaintiff's products. Indeed, Defendant's conduct is a black eye on the industry as a whole, and has the tendency to disparage Plaintiff's products and goodwill.

26. Defendants actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## PRAYER

Wherefore, Plaintiff Nutrition Distribution LLC prays for judgment against Defendants as follows:

1. For preliminary and permanent injunctive relief enjoining Defendants from producing, licensing, marketing, or selling AMPilean;
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;

3. For an award of any and all of Defendants' profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;

4. For restitution of Defendants' ill-gotten gains;

5. For treble damages in accordance with 15 U.S.C. § 1117;

6. For punitive damages;

7. For costs and attorneys' fees; and

8. Any other relief the Court may deem appropriate.

DATED: February 24, 2015                    TAULER SMITH LLP

By: ___/s/ Robert Tauler _____
Robert Tauler
NUTRITION DISTRIBUTION LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  February 24, 2015                    TAULER SMITH LLP


By: ___/s/ Robert Tauler_____
Robert Tauler
NUTRITION DISTRIBUTION LLC

COMPLAINT